**RECORD NO. 13-4340**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MATTHEW WILLIAMS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**OPENING BRIEF OF APPELLANT
MATTHEW WILLIAMS**

James R. Hawes
THE EDMISTEN, WEBB &
HAWES LAW FIRM
127 West Hargett Street, Suite 104 (27601)
P. O. Box 1509
Raleigh, North Carolina 27602
(919) 831-8700
jim.hawes@ew-law.com

*Counsel for Appellant*                    October 21, 2013

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Page

Table of Authorities ......................................................................... iii, iv

Statement of Jurisdiction.....................................................................1

Issues Presented for Review ...............................................................2

Statement of the Case..........................................................................3

Statement of the Facts .........................................................................4

Summary of Argument.......................................................................12

Standard of Review............................................................................14

Argument............................................................................................15

    **I.    THE DISTRICT COURT COMMITTED PROCEDURAL ERROR WHEN IT FAILED TO ADEQUATELY EXPLAIN ITS DECISION TO OVERRULE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT AND WHEN IT FAILED TO STATE ANY PARTICULARIZED BASIS TO SUPPORT ITS CHOSEN SENTENCE.............................................................................15**

    **II.    THE DISTRICT COURT ERRED WHEN IT APPLIED AN ADJUSTMENT FOR OBSTRUCTION OF JUSTICE FOR THE DEFENDANT WHEN NO FALSE STATEMENT WAS MADE TO INVESTIGATORS AND THUS THE INVESTIGATION COULD NOT HAVE BEEN "SIGNIFICANTLY OBSTRUCTED OR IMPEDED."......19**

    **III.    THE DISTRICT COURT ERRED IN ITS DECISION NOT TO REDUCE THE DEFENDANT'S OFFENSE LEVEL ON ACCEPTANCE OF RESPONSIBILITY GROUNDS..........21**

i

Conclusion ...................................................................................................23

Statement Regarding Oral Argument .....................................................24

Certificate of Compliance with Typeface and Length Limitations .........................25

Certificate of Service of Brief and Appendix ..........................................26

# TABLE OF AUTHORITIES

## CASES

*Gall v. United States*,
     552 U.S. 38 (2007)......................................................................14,18

*United States v. Banks*,
     252 F.3d 801 (6th Cir. 2001) .......................................................10

*United States v. Carter*,
     564 F.3d 325 (4th Cir. 2009)……………………………………15,16, 17, 18

*United States v. Daughtrey*,
     874 F.2d 213 (4th Cir. 1989)……………………………………………….14

*United States v. Diosdado-Star*,
     630 F.3d 359 (4th Cir. 2011) .................................................12,15

*United States v. Kidd,*
     12 F.3d 30 (4th Cir. 1993) .................................................10,14,21

*United States v. Morace,*
     594 F.3d 340 (4th Cir. 2010)………………………………………………14

## STATUTES AND AUTHORITIES

18 U.S.C. § 371……………………………………………………......3,4

18 U.S.C. § 471……………………………………………………......3,4

18 U.S.C. § 472……………………………………………………......3,4

18 U.S.C. § 1343 ..........................................................................................1

18 U.S.C. § 1957 ..........................................................................................1

18 U.S.C. § 3553 ...............................................................................11,16,18

18 U.S.C. § 3742 ....................................................................................1,14

28 U.S.C. § 1291 ..........................................................................................1

U.S.S.G. § 3B1.1 .........................................................................................5

U.S.S.G. § 3C1.1....................................................................................passim

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 1343 and 18 U.S.C. § 1957.   This Court's jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Matthew Williams filed a timely notice of appeal on May 6, 2013.  This appeal is from a final order.

## ISSUES PRESENTED FOR REVIEW

1. Whether the district court procedurally erred when it failed to adequately explain its decision to overrule defendant's objection to the application of a two level adjustment for an aggravating role, the application of a two level adjustment for obstruction of justice, the decision not to reduce the offense level on acceptance of responsibility grounds and when the court failed to state any particularized basis to support its chosen sentence.

2. Whether the district court erred when it applied an adjustment for obstruction of justice for the defendant when no false statement was made to investigators and thus the investigation could not have been "significantly obstructed or impeded."

3. Whether the district court erred in its decision not to reduce the defendant's offense level on acceptance of responsibility grounds.

## STATEMENT OF THE CASE

On March 7, 2012, the government filed a three-count Indictment charging Mr. Williams and Vernon Williams with Conspiracy to Make and Counterfeit Obligations of the United States from an unknown date to July 27, 2010 in violation of 18 U.S.C. 371 (Count I), Counterfeiting U.S. Currency and Aiding and Abetting in violation of 18 U.S.C. 471 and 2 (Count 2), and Possession of Counterfeit U.S. Currency and Aiding and Abetting in violation of 18 U.S.C. 472 and 2 (Count 3). (J.A. 10-14). On July 18, 2012, pursuant to a written plea agreement, Vernon Williams pled guilty to Count 1 and on November 8, 2012, he was sentenced to three (3) years probation.  (J.A. 102).  On January 2, 2013, without a plea agreement, Mr. Williams pled guilty to Counts 1, 2 and 3 of the Indictment.  (J.A. 102).  On April 30, 2013, the district court sentenced Mr. Williams to incarceration for a period of forty-two (42) months on each count to be served concurrently.  (J.A. 93).

Mr. Williams timely appealed on May 6, 2013.  (J.A. 98).

## STATEMENT OF THE FACTS

According to the government, from an unknown date to July 27, 2010, Mr. Williams entered into a conspiracy to make and counterfeit obligations of the United States with the intent to pass the same. (J.A. 10). On March 7, 2012, the government filed a three count indictment charging Mr. Williams and Vernon Williams with Conspiracy to Make and Counterfeit Obligations of the United States from an unknown date to July 27, 2010 in violation of 18 U.S.C. 371 (Count I), Counterfeiting U.S. Currency and Aiding and Abetting in violation of 18 U.S.C. 471 and 2 (Count 2), and Possession of Counterfeit U.S. Currency and Aiding and Abetting in violation of 18 U.S.C. 472 and 2 (Count 3). (J.A. 10-14). On January 2, 2013, without a plea agreement, Mr. Williams pled guilty to Counts 1, 2 and 3 of the Indictment. (J.A. 102)

On January 24, 2013, Mr. Williams drafted and signed a detailed, sincere and well thought out Statement of Acceptance of Responsibility. (J.A. 57).

On April 24, 2013, the United States Probation Office ("USPO") filed the Presentence Investigation Report ("PSR") in Mr. Williams's case. (J.A. 100). In concluding that Mr. Williams's total offense level was 19 and his criminal history category was III, resulting in a guideline imprisonment range of 37 to 46 months, the USPO maintained, among other things, that:

(1) "Vernon Williams and Matthew Williams are considered equally culpable. However, statements provided by Vernon Williams and Roderick Howell, which are deemed credible by the government, revealed that Matthew Williams was also responsible for directing and/or soliciting other unindicted conspirators to pass counterfeit currency to lessen the risk of him getting caught. As such, the probation office maintains that an aggravating role under 3B1.1(c) is applicable to this defendant."

(2) "Pursuant to 3C1.1, Application Note 4(A), a 2-level enhancement for obstruction of justice applies if the defendant threatened, intimidated or otherwise unlawfully influenced a co-defendant, witness, or jury; directly or indirectly; or attempted to do so. On July 27, 2010, as law enforcement officials arrived at Vernon Williams's home in Henderson, North Carolina, for questioning, he was on the phone with the defendant. According to Vernon Williams, Matthew Williams called to notify him that investigators were on their way. The defendant also advised Vernon Williams to tell investigators that "Cam" was responsible for manufacturing the counterfeit. Vernon Williams informed agents that "Cam" was not involved in their counterfeit currency production operation. As the defendant attempted to obstruct or impede the administration of justice with respect to the

investigation of the instant offense, the probation office maintains that a 2-level enhancement under 3C1.1 is applicable."

(3) "While under pretrial supervision, the defendant failed to comply with the terms of his pretrial release and participated in new criminal conduct. Specifically, on March 1, 2013, and March 4, 2013, the defendant left his residence for extended periods of time during his curfew without obtaining permission from his supervising probation officer. When confronted about the violations, he provided untruthful information regarding his whereabouts. Additionally, prior to leaving his residence on March 4, 2013, the defendant unplugged his monitoring device in an attempt to camouflage his unauthorized leave. Lastly, the defendant admitted to his supervising officer that he had driven a motor vehicle although his North Carolina Driver's License is suspended. In light of the defendant's continued criminal conduct, a reduction for acceptance of responsibility is not warranted."

(J.A. 111, 113-114).

Mr. Williams objected to these three (3) findings in the PSR and argued that his total offense level was 13, resulting in a guideline imprisonment range of 18 to 24 months. (J.A. 113-114). Prior to the receiving the PSR, on April 23, 2013, Mr.

Williams filed a Sentencing Memorandum arguing these three (3) objections in detail and, after receiving the PSR, on April 24, 2013, Mr. Williams filed a Supplemental Sentencing Memorandum further arguing the objections. (J.A. 50-57, 58-61).

Mr. Williams was sentenced on April 30, 2013. (J.A. 7) During the sentencing hearing, Mr. Williams made the same objections as above. (J.A. 64-65). Special Agent Anton Fickey with the U.S. Secret Service Office, who admitted that he was not the "case agent on this particular matter" but "had an opportunity to review the file and speak to the primary case agent", testified at the hearing. (J.A. 66). Mr. Fickey further admitted that he had not read over all of the discovery and the interviews, but that he instead "read over what (he) was briefed on." (J.A. 72). Mr. Fickey testified that he did not know whether Mr. Williams gave his July 27, 2010 statement under oath. (J.A. 71). When asked whether Mr. Williams's statement "significantly impeded the investigation," Mr. Fickey responded that "it would impede because they took time and effort to try and identify this subject Cam." (J.A. 71-72). However, when asked if Vernon Williams told agents "that Cam was not a real person that same day," Mr. Fickey responded "That I don't recall." (J.A. 72). Mr. Fickey admitted that he was not aware of or did not recall a number of other alleged facts from the discovery

7

including: whether, on July 27, 2010, Vernon Williams "said that Cam was not a real person and then the next day he said that Cam was a real person and he drove a Honda and lived in Raleigh" (although he agreed that if he did "this would be conflicting statements given by Vernon Williams"); whether Vernon Williams said that he would "submit (the counterfeit obligations) where I worked and exchanging was done only by me, no one else"; whether Vernon Williams said that he "handled the printers and counterfeit money when it was printed"; whether, in his statement, Jules Thomas said it was Vernon Williams, and not Matthew Williams, who "instructs people to pass the counterfeit money at fast food restaurants"; whether Jules Thomas said that Vernon Williams "possesses and maintains the computer system" used in the scheme; whether Jules Thomas stated that Vernon Williams "gave him a hundred dollar counterfeit bill"; whether Jules Thomas said that Vernon Williams told him "that he could, quote, 'Make money and demonstrated by replacing the electronic image of a portrait of a fifty-dollar bill with an electronic image of a portrait of a hundred-dollar bill'"; and finally whether Jules Thomas stated that Vernon Williams told him that he can make payroll checks. (J.A. 72-74).

Counsel for Mr. Williams then argued that in regard to the obstruction of justice adjustment, "the example in application note 5(B) of 3C1.1 (of the United

8

States Sentencing Guidelines)… specifically says as an example of conduct not ordinarily covered by the adjustment is making false statements not under oath to law enforcement officers", "that's exactly what we have here" and the obstruction of justice "adjustment should not apply to Mr. Williams." (J.A. 75-76). Counsel for Mr. Williams further argued that in order for the false "statement to apply as an obstruction of justice it has to have had significantly obstructed or impeded the official investigation or prosecution of the offense" and that "[h]ere we have multiple people being interviewed on the same day (as Mr. Williams's false statement) all saying that my client did, in fact, play a role in this counterfeiting, he was behind it. And so, it didn't impede it (the investigation) at all…exactly as the example (in 3C1.1) points out, he made a false statement not under oath to the law enforcement officer, but it did not impede in any way the investigation as everyone else told that Matthew (Williams) was a part of this." (J.A. 80-81).

Counsel for Mr. Williams further argued in regard to the leadership role enhancement:

> "As pointed out in the sentencing Memoranda, both supplemental and the original one, no one was really a leader here. Vernon (Williams) clearly did all the things the government is saying that Matthew (Williams) did in trying to point to him as the leader.

Vernon Williams never got this enhancement and we ask that Matthew (Williams) not receive it either.  Like I said, there's no leader to this and if there was a leader it's clearly – Vernon (Williams) was equally a leader if not more."  (J.A. 76).

Finally, in arguing for an adjustment acceptance of responsibility grounds, counsel for Mr. Williams pointed to Mr. Williams's Statement of Acceptance of Responsibility which was attached to the original Sentencing Memorandum and the fact that it was "thorough" and "well thought out."  (J.A. 81)  Further, counsel for Mr. Williams asked the Court to "follow the Sixth Circuit in *U.S. v. Banks* (252 F.3d 801 (6th Cir. 2001)) which said that…unrelated criminal conduct is not enough to take away acceptance of responsibility" and distinguished Mr. Williams's facts from the facts in the case offered by the government, *United States v. Kidd* (12 F.3d 30 (4th Cir. 1993)) in that in Mr. Williams's case there were "no new charges."  (citations added) (J.A. 81).

After listening, without meaningful discussion or comment of any kind, the district court stated, "I'm going to overrule your objection, Mr. Hawes, and find that the offense level is 19, criminal history category III, custody range of 37 to 46 months…"  (J.A. 82).  Madam Clerk then asked the court "Did you address the

objection in regards to acceptance of responsibility?" and the court responded simply, "I've overruled all of the objections." (J.A. 82).

Counsel for Mr. Williams then addressed several of the 3553(a) factors in arguing for a downward variance of probation or, in the alternative, incarceration for 18 to 24 months. (J.A. 85) The government then argued for a sentence within the guideline range of 37 to 46 months. (J.A. 86). The court denied the motion for variance and stated that "the court finds the basis for the findings contained in the presentence report credible and reliable and, therefore, the court adopts those findings." (J.A. 86) The court, again without discussion or comment, stated "[t]he court has considered that range as well as other relevant factors set forth in the guidelines and those set forth in 18 United States Code Section 3553(a)" and sentenced Mr. Williams "to be imprisoned for a term of 42 months on each count to be served concurrently"-- the middle of the calculated guideline range. (J.A. 86-87).

Mr. Williams timely appealed on May 6, 2013. (J.A. 98).

# SUMMARY OF ARGUMENT

The district court committed procedural error when it failed to adequately explain its decision to overrule defendant's objection to the application of a two level adjustment for an aggravating role, the application of a two level adjustment for obstruction of justice, the decision not to reduce the offense level on acceptance of responsibility grounds, and failed to state any particularized basis to support its chosen sentence.  By failing to explain its decision to overrule defendant's objections to the adjustments and failing to state any particularized basis to support its chosen sentence, the court violated the general principles stated in *United States v. Diosdado-Star* that a court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  630 F. 3d 359, 365 (4th Cir. 2011).  The sentence, therefore, was not procedurally reasonable and must be vacated.

The appellant further argues that the district court erred in applying a two level adjustment for obstruction of justice and deciding not to reduce the offense level on acceptance of responsibility grounds, but declines to argue the aggravating role adjustment on appeal.

The district court erred in applying a two level adjustment for obstruction of justice for the defendant allegedly "advising Vernon Williams to tell the

12

investigators that 'Cam' was responsible for manufacturing the counterfeit" when Vernon Williams did not in fact tell investigators this. Because the false statement was never made to law enforcement officers, the statement which was never in fact made to investigators could not have "significantly obstructed or impeded the official investigation or prosecution of the offense" and, therefore, the two level adjustment for obstruction of justice should not have been applied to Mr. Williams' offense level and the sentence must be vacated.

Finally, the district court clearly erred in its decision not to reduce the defendant's offense level on acceptance of responsibility grounds when defendant pled guilty to all counts, drafted and signed a detailed, sincere and well thought out Statement of Acceptance of Responsibility, and was not charged with any post-indictment offense. A downward adjustment for acceptance of responsibility, therefore, should have been applied to Mr. Williams's offense level and the sentence must be vacated.

## STANDARD OF REVIEW

This Court reviews a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the reasonableness of a sentence, this Court "must 'first ensure that the district court committed no significant procedural error…'" *United States v. Morace*, 594 F.3d 340, 345 (4th Cir. 2010) (quoting *Gall*, 552 U.S. at 51). Procedural errors include "…failing to adequately explain the chosen sentence…" *Gall*, 552 U.S. at 51.

Appellate courts are required to give due deference to the district court's application of the sentencing guidelines. 18 U.S.C. § 3742(e). "If the issue turns primarily on a factual determination, an appellate court should apply the 'clearly erroneous' standard." *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). "If the issue…turns primarily on the legal interpretation of a guideline term,…the standard moves closer to de novo review." *Id.*

"The district court's decision not to reduce the offense level [on acceptance of responsibility grounds] will not be disturbed unless clearly erroneous." *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993).

14

# ARGUMENT

**I.    THE DISTRICT COURT COMMITTED PROCEDURAL ERROR WHEN IT FAILED TO ADEQUATELY EXPLAIN ITS DECISION TO OVERRULE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT AND WHEN IT FAILED TO STATE ANY PARTICULARIZED BASIS TO SUPPORT ITS CHOSEN SENTENCE.**

The district court committed procedural error when it failed to adequately explain its decision to overrule defendant's objection to the application of a two level adjustment for an aggravating role, the application of a two level adjustment for obstruction of justice, the decision not to reduce the offense level on acceptance of responsibility grounds, and when it failed to state any particularized basis to support its chosen sentence.   By failing to explain its decision to overrule defendant's objections to the adjustments and failing to state any particularized basis to support its chosen sentence, the court violated the general principles stated in *United States v. Diosdado-Star* that a court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."   630 F. 3d 359, 365 (4th Cir. 2011).   The sentence, therefore, was not procedurally reasonable and must be vacated.

The sentencing hearing in the instant case was very similar to the sentencing hearing in *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009). In *Carter*, the

defendant raised two principal objections to the PSR and the district court rejected both arguments. *Id.* at 327. The court then "invited Carter to argue for a below-Guidelines sentence, recognizing that the 37- to 46-month range was 'just an advisory level.' After listening, without comment, to a short argument from defense counsel requesting a variance, the district court asked the probation officer for the sentencing range for an offense level 12, criminal history category I crime. The probation officer replied that such a range would be 10 to 16 months" and "the district court announced that it intended to depart this sentencing range." *Id.* at 327-28. Following brief additional argument, the court adopted a downward variance and sentenced the defendant to a five-year term of probation. *Id.*

In *Carter*, the district court did not justify the defendant's "sentence with an *individualized* rationale" and "did not explain how (the 18 U.S.C. § 3553(a)) factors related to" the defendant. *Id.* at 328-29.

This Court held in *Carter* that "'Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments'" and that it could not uphold the defendant's sentence as procedurally reasonable or determine its substantive reasonableness because the district court failed to state any particularized basis to

support its chosen sentence. *Id.* at 328, 330 (internal citations omitted). The district court further "erred in failing to articulate how the sentencing factors applied to the facts of the particular case before it" and in failing to "place on the record an 'individualized assessment' based on the particular facts of the case before it…Because the record here does not demonstrate that the district court conducted such an assessment and so does not reveal why the district court deemed the sentence it imposed appropriate, we cannot hold the sentence procedurally reasonable." *Id.* at 329-30.

As in *Carter*, the district court in the instant case committed procedural error when it failed to adequately explain its decision to overrule defendant's objection to the application of a two level adjustment for an aggravating role, the application of a two level adjustment for obstruction of justice, the decision not to reduce the offense level on acceptance of responsibility grounds, and when it failed to state any particularized basis to support its chosen sentence.

This failure on the part of the district court was even more egregious than that in *Carter* in that there was no meaningful discussion or commentary at all. The district court simply, after listening to argument of counsel stated, "I'm going to overrule your objection, Mr. Hawes, and find that the offense level is 19, criminal history category III, custody range of 37 to 46 months…" (J.A. 82).

17

Madam Clerk then asked the court "Did you address the objection in regards to acceptance of responsibility?" and the court responded simply, "I've overruled all of the objections." (J.A. 82).

Counsel for Mr. Williams then addressed several of the 3553(a) factors in arguing for a downward variance of probation or, in the alternative, incarceration for 18 to 24 months. (J.A. 85) The government then argued for a sentence within the guideline range of 37 to 46 months. (J.A. 86). The court denied the motion for variance and stated that "the court finds the basis for the findings contained in the presentence report credible and reliable and, therefore, the court adopts those findings." (J.A. 86) The court, again without discussion or comment, stated "[t]he court has considered that range as well as other relevant factors set forth in the guidelines and those set forth in 18 United States Code Section 3553(a)" and sentenced Mr. Williams "to be imprisoned for a term of 42 months on each count to be served concurrently." As in *Carter*, the district court failed to place on the record an individualized assessment based on the particular facts of the case, did not explain how the 3553(a) factors related to Mr. Williams and, therefore, the sentence was procedurally unreasonable.

The district court did not adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing and, therefore, the sentence was not procedurally reasonable and must be vacated.

## II. THE DISTRICT COURT ERRED WHEN IT APPLIED AN ADJUSTMENT FOR OBSTRUCTION OF JUSTICE FOR THE DEFENDANT WHEN NO FALSE STATEMENT WAS MADE TO OFFICERS AND THUS THE INVESTIGATION COULD NOT HAVE BEEN "SIGNIFICANTLY OBSTRUCTED OR IMPEDED."

The district court erred in applying a two level adjustment for obstruction of justice for the defendant allegedly "advising Vernon Williams to tell the investigators that 'Cam' was responsible for manufacturing the counterfeit" when Vernon Williams did not in fact tell investigators this. Because the false statement was never made to law enforcement officers, the statement that was never in fact made to investigators could not have "significantly obstructed or impeded the official investigation or prosecution of the offense" and, therefore, the two level adjustment for obstruction of justice should not have been applied to Mr. Williams's offense level.

Note 5(b) of U.S.S.G. § 3C1.1 is an example of conduct ordinarily not covered by the obstruction of justice adjustment. The example is "making false statements, not under oath, to law enforcement officers, unless" it is a materially false statement "that significantly obstructed or impeded the official investigation

19

or prosecution of the offense."  The alleged statement (that Matthew Williams told Vernon Williams to tell the investigators that "Cam" was responsible for manufacturing the counterfeit instruments) is hearsay, not corroborated and not made under oath.  However, even more importantly, Vernon Williams never told the investigators that "Cam" was responsible for the counterfeiting.  Vernon Williams told them that "Cam" was not involved in the scheme.  A false statement, therefore, was never made to law enforcement officers, the investigation could not have been "significantly obstructed or impeded," and the obstruction of justice adjustment should not apply.

Any argument that, pursuant to 3C1.1, Application Note 4(A), the adjustment should apply is unfounded.  The example states that the adjustment should apply if the defendant threatened, intimidated, or otherwise unlawfully influenced a co-defendant, witness, or jury, directly or indirectly, or attempting to do so.  This example can not apply to Matthew Williams because, on July 27, 2010, when the alleged statement was uttered, there were no co-defendants, witnesses or jurors as no charges had been filed.  Further, Vernon Williams never alleged that he was threatened or intimidated.

For the above reasons, the district court erred in applying the obstruction of justice adjustment and, therefore, the sentence must be vacated.

### III.   THE DISTRICT COURT ERRED IN ITS DECISION NOT TO REDUCE THE DEFENDANT'S OFFENSE LEVEL ON ACCEPTANCE OF RESPONSIBILITY GROUNDS.

The district court erred in its decision not to reduce the defendant's offense level on acceptance of responsibility grounds when defendant pled guilty to all counts, drafted and signed a detailed, sincere and well thought out Statement of Acceptance of Responsibility, and was not charged with any post-indictment offense.  A downward adjustment for acceptance of responsibility, therefore, should have been applied to Mr. Williams's offense level.

The instant case differs significantly from that of the *United States v. Kidd*, 12 F.3d 30 (4th Cir. 1993).  In *Kidd*, the defendant was indicted for conspiracy to possess with intent to distribute cocaine base and cocaine possession and distribution.  While on pretrial release, the defendant tested positive for cocaine on three (3) occasions and sold cocaine to an undercover agent, resulting in the government's filing of a superseding indictment that included the post-indictment undercover buy.  As a result the district court denied a downward adjustment for acceptance of responsibility and this Court affirmed that decision.

Here, the Probation Office urges the Court to find that Mr. Williams has not accepted responsibility for his counterfeiting charges based on failing to comply with pretrial release by leaving his residence during curfew and allegedly admitting

to driving while his license was suspended. The alleged post-plea conduct was plainly unrelated to the counterfeiting scheme to which Mr. Williams has plead guilty and accepted responsibility for. Most importantly, Mr. Williams has not been charged with any crime since his guilty plea.

Mr. Williams pled guilty to all counts, drafted and signed a detailed, sincere and well thought out Statement of Acceptance of Responsibility, and was not charged with any post-indictment offense and, therefore the district court erred in its decision not to reduce the defendant's offense level on acceptance of responsibility grounds and the sentence must be vacated.

## CONCLUSION

For the foregoing reasons, Mr. Williams respectfully requests that his sentence be vacated and the matter remanded for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

This case presents to the Court issues involving sentencing procedure in a post-*Gall* context.  Mr. Williams believes these issues to be significant, and he therefore respectfully requests that the Court hear argument in this case.

Respectfully submitted this 21st day of October, 2013.

**The Edmisten Webb & Hawes Law Firm**

     */s/ James R. Hawes*
James R. Hawes
N.C. State Bar No. 36802
127 West Hargett Street
Suite 104 (27601)
Post Office Box 1509
Raleigh, NC 27602
(919) 831-8700
jim.hawes@ew-law.com

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Page Limitation,
Typeface Requirements, and Type Style Requirements

1.   This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because:

        this brief does not exceed 30 pages.

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of  Fed. R. App. P. 32(a)(6) because:

        this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

October 21, 2013.

                            **The Edmisten Webb & Hawes Law Firm**

                            */s/ James R. Hawes*
                            James R. Hawes
                            N.C. State Bar No. 36802
                            127 West Hargett Street
                            Suite 104 (27601)
                            Post Office Box 1509
                            Raleigh, NC 27602
                            (919) 831-8700
                            jim.hawes@ew-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013, I served the foregoing brief using the CM/ECF System of the United States Court of Appeals to the following parties:

> Jennifer P. May-Parker
> jennifer.may-parker@usdoj.gov

Respectfully submitted this 21st day of October, 2013.

**The Edmisten Webb & Hawes Law Firm**

*/s/ James R. Hawes*
James R. Hawes
N.C. State Bar No. 36802
127 West Hargett Street
Suite 104 (27601)
Post Office Box 1509
Raleigh, NC 27602
(919) 831-8700
jim.hawes@ew-law.com
